[Crim. No. 266.  First Appellate District.—September 21, 1910.]

THE PEOPLE, Respondent, v. ONG GIT, Appellant.

CRIMINAL LAW—GRAND LARCENY—VERDICT UNSUPPORTED—IDENTITY OF DEFENDANT AS PERPETRATOR NOT SHOWN.—It is held, upon a review of the evidence, that the verdict finding the defendant guilty of the crime of grand larceny is unsupported, as matter of law; that he is not shown to have been identified as the perpetrator of the crime; that the evidence is entirely consistent with his innocence, notwithstanding some apparently suspicious circumstances, otherwise explainable, and that it seems that no person of ordinary intelligence could say that he is satisfied beyond a reasonable doubt that defendant is guilty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Robert Ferral, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

COOPER, P. J.—The defendant prosecutes this appeal from the judgment finding him guilty of grand larceny and sentencing him to a term of four years in the state prison.

His claim that the evidence is insufficient to support the verdict must be sustained.

The evidence shows that about 10 o'clock on the night of February 15, 1910, at Waverly place in the city and county of San Francisco, someone grabbed from the head of Lee Gin, a Chinese woman, three ornaments which she then had in her hair, of the value of about $80. The thief immediately ran off with the ornaments. She did not pretend to identify the defendant, did not see his face, but said that the size, dress and general appearance of the thief were about the same as defendant; that the thief was quite tall. At the time the crime was committed Gin Shee, the sister in law of the woman who was robbed, was with her. She did not see the thief's face, and could not identify defendant as the thief. She

testified that the person who grabbed the ornaments had on dark clothes and a dark hat, but she could not say how they compared with the clothes of defendant; that the figure of the thief was about medium. The witness Dolan testified that he was on Dupont street at the time, and hearing some-one scream he looked and saw a Chinaman turn the corner from Sacramento street into Dupont street, run across Dupont street, turning down Commercial street, where he disappeared from the sight of the witness; that he could not identify the defendant as the man he saw running for the reason that the man was dressed and looked like the ordinary Chinaman; that some two or three minutes after seeing the Chinaman run into Commercial street he saw a police officer, and informed such officer that the Chinaman had run down Commercial street. Larkin, the police officer, testified that Dolan informed him of seeing the Chinaman run, and after some two or three minutes he went down Commercial street, about 10 or half-past 10 o'clock P. M., saw a Chinaman standing over an iron trapdoor in front of No. 710 Commercial street, and that he then and there went up to the Chinaman and arrested him, the same being the defendant. The witness Brady, a police officer, testified that he went on duty near midnight of the evening of the robbery; that a little after midnight he exam-ined the trapdoor at 710 Commercial street, and found the stolen ornaments under the door.

We thus have nothing but the facts that the thief ran down Commercial street; that defendant was arrested two or three minutes afterward in front of 710 Commercial street, and that the ornaments were found some two hours afterward under the trapdoor where defendant was standing when ar-rested. The stolen property was not found upon defendant; he was not seen hiding it or touching it. No one identified him as the thief. He made no admission or statement. The facts that he was standing near the trapdoor when arrested, that the property was found some two hours afterward under the trapdoor, are circumstances, and might very well be con-sidered as material circumstances if supported by other facts, tending to identify the defendant and connecting him with the commission of the crime. But the evidence is entirely consistent with defendant's innocence. Someone else may have placed the property there after defendant was arrested.

Defendant may have walked there and stopped after the real thief had passed on.  It may have been placed there after his arrest in order to create suspicion against him by the real thief who took it.  In fact, it hardly seems that a person of ordinary intelligence would have, after having committed a robbery, and after having run two blocks, hid the property under a trapdoor, and then stood over the door until the police officer came up and arrested him.  It seems that no person of ordinary intelligence could say from the evidence in this case that he is satisfied beyond a reasonable doubt that defendant is guilty.  The evidence as matter of law is not sufficient to support the verdict, and the judgment is reversed.

Kerrigan, J., and Hall, J., concurred.